IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

ROBERT L. MCCRAY, #167 644          *

    Petitioner,                              *

    v.                                       *    3:09-CV-659-ID
                                  (WO)

JOHN CUMMINS, WARDEN *et al.*,      *

    Respondents.                             *

_____

## ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on July 11, 2009 by Robert McCray, a state inmate presently incarcerated at the Kilby Correctional Facility.[1] Petitioner was convicted of second degree assault and second degree kidnapping by the Circuit Court for Macon County, Alabama, on April 13, 1992.

## DISCUSSION

### A.  The 1992 Convictions

A review of the records of this court indicates that Petitioner has filed  previous

---

[1] Although  the Clerk of this court stamped the present petition "filed" on July 15, 2009,  Petitioner signed the petition on July 11, 2009.   The law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [McCray] signed it . . . " *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers July 11, 2009 as the date of filing.

habeas corpus petitions under 28 U.S.C. § 2254 challenging his 1992 kidnapping and assault convictions.  *See McCray v. Nagle, et al.*, Civil Action No. 3:02-CV-724-ID (M.D. Ala. 2002) (dismissed as a successive petition pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A)); *McCray v. Mitchum, et al.*, Civil Action No. 3:99-CV-83-ID (M.D. Ala. 1999) (dismissed as a successive petition pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A));  *McCray v. Nagle, et al.*, Civil Action No. 2:94-CV-756-MHT (M.D. Ala. 1996) (claims decided adversely to the petitioner on the merits); *McCray v. Nagle, et al.*, Civil Action No. 3:93-CV-242-ID (M.D. Ala. 1993) (petition dismissed without prejudice for petitioner's failure to exhaust available state court remedies).

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]."  28 U.S.C. § 2244(b)(3)(B) and(C).

It is clear from the pleadings filed by Petitioner that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief.  "Because this undertaking is a successive

2

habeas corpus petition and because [Petitioner has] no permission from [the Eleventh Circuit] to file a [successful] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  Consequently, to the extent the present petition for habeas corpus relief seeks to challenge Petitioner's 1992 convictions for second degree assault and second degree kidnapping, such claims are due to be dismissed.  *Id*. at 934.

*B.  The Parole Revocation*

In his petition and affidavit in support thereof, Petitioner contends that he is being held at Kilby "without conviction or charge; Parole Board violat[ed] affiant in the situation of void conviction when they ... knew affiant should not have been placed on parole . ." (*See Doc. No. 1 at 6, Doc. No. 2 at 1; Doc. No, 10.*) Petitioner goes on to assert that he is wrongfully incarcerated and neither the Alabama Department of Corrections nor the Alabama Board of Pardons and Paroles has taken steps to correct the situation but continues to imprison him despite being aware that he is "detained unlawfully void of conviction or charge." (*Doc. No. 2; see also Doc. No. 3.*)  To the extent Petitioner, in filing the instant action, seeks to challenge a revocation of his parole, Respondents shall be directed to file an answer in response to this claim.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that;

1. To the extent the instant habeas application represents an attempt to once again

challenge Petitioner's 1992 convictions for second degree kidnapping and second degree assault, such claims are due to  be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Petitioner has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application;

2.  This case be REFERRED back to the undersigned for further proceedings as directed herein.

It is further

ORDERED that to the extent Petitioner seeks to challenge a revocation of parole, Respondents shall, on or before **September 3, 2009**, file an answer in response thereto in accordance with the provisions of the court's July 20, 2009 order.

It is further

ORDERED that on or before **September 3, 2009** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 17th day of August 2009.


/s /Terry F. Moorer
TERRY F. MOORER.
UNITED STATES MAGISTRATE JUDGE.

5