IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| ROBERT L. MCCRAY, #167 644 | * | |
| Petitioner, | * | |
| v. | * | 3:09-CV-659-ID |
| | | (WO) |
| JOHN CUMMINS, WARDEN, *et al.*, | * | |
| Respondents. | * | |

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, a state inmate in the custody of the Alabama Department of Corrections. To the extent Petitioner, in filing the instant habeas petition, seeks to challenge his June 22, 2009 revocation of parole, Respondents assert that Petitioner has failed to exhaust state remedies with respect to those parole revocation claims which are now pending before this court.[1]  Specifically, Respondents maintain that Petitioner has made no attempt to challenge his parole revocation proceedings in the state courts.  (*Doc. No. 16, Exhs. A-E.*)

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..."  28

---

[1] To the extent Petitioner, in filing this action, seeks to once again challenge his 1992 convictions for second degree kidnapping and second degree assault entered against him by the Circuit Court for Macon County, Alabama, the court entered a Recommendation on August 17, 2009 recommending dismissal of such claims as successive under 28 U.S.C. § 2244(b)(3)(A).  (*See Doc. No. 15.*)

U.S.C. § 2254(1)(b)(1)(A).  Upon review of the pleadings filed in this case, it appears that Petitioner has not yet exhausted his available state court remedies with respect to each of the claims presented in his petition for habeas corpus relief with regard to those challenges Petitioner makes to the June 22, 2009 revocation of his parole.  This court does not deem it appropriate to rule on the merits of these claims without first requiring that Petitioner exhaust state remedies.  *See* 28 U.S.C. § 2254(1)(b)(2).  Moreover, it does not appear that a stay of this case is warranted pending Petitioner's exhaustion of his parole revocation claims in the state courts as there is nothing before this court which indicates that good cause exists for his failure to exhaust his claims first in state court.  *See Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005).  Accordingly, it is

ORDERED that on or before September 18, 2009 Petitioner shall show cause why his petition should not be dismissed for failure to exhaust state remedies.

Done, this 28th day of August 2009.

    /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE