IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| ROBERT L. MCCRAY, #167 644 | * | |
| Petitioner, | * | |
| v. | * | 3:09-CV-659-ID |
| | | (WO) |
| JOHN CUMMINS, WARDEN, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, a state inmate in the custody of the Alabama Department of Corrections. In their supplemental answer filed with this court on August 26, 2009, Respondents assert that Petitioner's challenge to his June 22, 2009 revocation of parole should be dismissed as Petitioner has failed to exhaust state remedies with respect to those parole revocation claims which are now pending before this court.[1] Specifically, Respondents maintain that Petitioner has made no attempt to challenge his parole revocation proceedings in the state courts. (*Doc. No. 16, Exhs. A-E.*)

Upon review of Respondents' answer, the court entered an order affording Petitioner

---

[1] To the extent Petitioner, in filing this action, seeks to once again challenge the validity of his 1992 convictions for second degree kidnapping and/or second degree assault entered against him by the Circuit Court for Macon County, Alabama, the court entered a Recommendation on August 17, 2009 recommending dismissal of such claims as successive under 28 U.S.C. § 2244(b)(3)(A). (*See Doc. No. 15.*) Although Petitioner argues in this matter that he has never been convicted of second degree kidnapping, the documents and records before the court demonstrate otherwise. (*See Doc. No. 14, Exh. B*, *Doc. No. 16, Exh. A.*)

an opportunity to demonstrate why his petition should not be dismissed for failure to exhaust state remedies. (*Doc. No. 18*.) Petitioner filed his response on September 18, 2009. (*Doc. No. 21*.)

## I. DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 225©. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples,* 489 U.S. 346, 349 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy,* 455 U.S. 509, 518 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted).

Upon review of the pleadings filed in this case, it appears that Petitioner has not yet exhausted his available state court remedies with respect to each of the claims presented in his petition for habeas corpus relief with regard to those challenges Petitioner makes to the June 22, 2009 revocation of his parole. This court does not deem it appropriate to rule on the merits of these claims without first requiring that Petitioner exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending Petitioner's exhaustion of his parole revocation claims in the state courts as there is nothing before this court which indicates that good cause exists for his failure to exhaust his claims first in state court. *See Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005). In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Petitioner can pursue those state court remedies available to him.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Robert McCray be DISMISSED without prejudice to afford Petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that on or before **October 5, 2009** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 22nd day of September 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE